## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## BROOKLYN COURTHOUSE

| | |
|---|---|
| Melissa Nelson, individually and on behalf of all others similarly situated, | 1:23-cv-03629 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Lume Deodorant, LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Lume Deodorant, LLC ("Defendant") sells deodorant that purports to be "clinically proven to block body odor all day, and continue to control odor for 72 hours" ("Product").



2. This statement is false and misleading because the study relied on only evaluated the

Product compared to competitors and concluded it was superior to them, not that it blocked odor all day nor continued to control odor for 72 hours.

3. The sample sizes were neither large nor diverse enough to prove the Product blocked odor all day nor continued to control odor for 72 hours, notwithstanding the results only could establish relative claims.

4. Consumers expect a "clinically proven" claim to mean a significant degree of scientific consensus and/or that the relied upon study was subject to peer-review, even though neither exists here.

5. The Product's claim to be "aluminum free" is misleading because aluminum is not found in any deodorant products.

## Jurisdiction and Venue

6. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

7. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

8. Plaintiff is a citizen of New York who seeks to represent citizens from this and other States.

9. Defendant's member is a citizen of New York.

10. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

11. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here over the internet and/or at brick-and-mortar stores in the States Plaintiff seeks to represent.

12. Venue is in this District with assignment to the Brooklyn Courthouse because Plaintiff resides in Queens County and a substantial part of the events or omissions giving rise to these claims occurred in Queens County, including Plaintiff's purchase, reliance on the identified statements and omissions, and subsequent awareness they were false and misleading.

Parties

13. Plaintiff Melissa Nelson is a citizen of Ridgewood, Queens County, New York.

14. Defendant Lume Deodorant, LLC is a Delaware limited liability company.

15. The member of Defendant is Harry's, Inc., a Delaware corporation with a principal place of business in New York, New York.

16. As a result of the above-representations, the Product costs between $15 and $18 for 2.2 oz, over twice as much as other similar products.

17. Plaintiff saw the marketing for the Product claiming to be clinically proven to block and control odor for 72 hours on television, the internet and/or in other mediums.

18. Plaintiff expected the Product was rigorously tested to meet its "clinically proven" claim which caused her to buy it.

19. Plaintiff did not know the Product was not clinically proven with respect to what it promised.

20. Plaintiff believed "aluminum free" was an attribute peculiar to the Product and not something common to all deodorants.

21. Plaintiff purchased the Product between June 2022 and the present at Target locations in New York City and/or online.

22. Plaintiff paid more money for the Product based on these representations, would not have bought it or would have paid less, had she known the truth.

Class Allegations

23. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

>**New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged;
>
>**Consumer Fraud Multi-State Class**: All persons in the States of South Dakota, Utah, Idaho, Alaska and West Virginia who purchased the Product during the statutes of limitations for each cause of action alleged.

24. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

25. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

26. Plaintiff is an adequate representative because her interests do not conflict with other members.

27. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

28. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

29. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

### New York General Business Law ("GBL") §§ 349 and 350
### (New York Class)

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Plaintiff expected the Product was clinically proven to block and control odor for 72

hours and that the absence of aluminum was a unique feature.

33. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

33. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive practices.

34. The members of the Consumer Fraud Multi-State Class were harmed in the same way as Plaintiff, and may assert their consumer protection claims under the Consumer Fraud Acts of their States and/or the consumer protection statute invoked by Plaintiff.

## Breaches of Express Warranty,
### Implied Warranty of Merchantability/Fitness for a Particular Purpose
### and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

35. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

36. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

37. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet their needs and desires, which was one backed by science, clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

38. The representations about the Product were conveyed in writing and promised it

would be defect-free, and Plaintiff understood this meant it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

39. Defendant's representations affirmed and promised that the Product was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

40. Defendant described the Product so Plaintiff believed it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature, which became part of the basis of the bargain that it would conform to its affirmations and promises.

41. Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Product.

42. This duty is based on Defendant's outsized role in the market for deodorants as a trusted brand.

43. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

44. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

45. Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums.

46. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

47. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was

marketed as if it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

48. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because she expected that it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature, and she relied on its skill and judgment to select or furnish such a suitable product.

### Fraud

49. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it was clinically proven to block and control odor for 72 hours and that the absence of aluminum was a unique feature.

### Unjust Enrichment

50. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Awarding monetary, statutory and/or punitive damages and interest;
3. Awarding costs and expenses, including reasonable attorney and expert fees; and
4. Other and further relief as the Court deems just and proper.

Dated: May 15, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.

                                                  60 Cuttermill Rd Ste 412
                                                  Great Neck NY 11021
                                                  (516) 268-7080
                                                  spencer@spencersheehan.com